Irtams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-40041-06-JAR |
| | ) |
| FRANCISCO J. MARIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is defendant Francisco J. Marin's Motion *in Limine* to Exclude Past Drug Use (Doc. 242). At the *limine* hearing on Monday, October 25, 2010, the Court took this motion under advisement in order to review case law cited by defendant at the hearing. The Court has now reviewed the Sixth Circuit's decision in *United States v. Jenkins*,[1] and determines that it is not dispositive that evidence of Marin's drug use should be excluded in this matter. Instead, the Court takes the motion under advisement subject to a contemporaneous ruling as set forth below.

In order to rule on defendant's motion, the Court must determine: (1) whether the evidence is intrinsic or if it must be admitted as a prior bad act under Fed. R. Evid. 404(b);[2]

---

[1] 345 F.3d 928 (6th Cir. 2003).

[2] *See United States v. Record*, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989) (citing *United States v. Orr*, 864 F.2d 1505, 1510 (10th Cir. 1988)).

and (2) if it is being offered under Rule 404(b), whether it is admissible under that rule.[3] The Court is unable to make either finding necessary to rule on this motion until it hears further evidence.

The government provided a limited proffer and submitted the DEA-6 Report with its response to the motion. This investigation report includes the following relevant information in ¶ 4:

> During casual conversation TFO Garman learned that MARIN and MIGUEL LNU consumed marijuana and methamphetamine. It was obvious to TFO Garman that all present were at least aware of the distribution of methamphetamine that NUNEZ was involved in if not active participants themselves. During this time NUNEZ stepped from the garage and spoke on his cell phone to an unknown person in Spanish. TFO Garman learned through casual conversation that the police had been at NUNEZ residence in the recent past and had asked to search his residence and NUNEZ allowed the police to search his residence because he did not keep any methamphetamine at his residence. NUNEZ indicated after his telephone conversation that his "friend" said that the police were at that time near his friend's residence. After approximately twenty (20) to twenty-five (25) minutes TFO Garman asked to speak to NUNEZ alone.

The government proffered that this casual conversation included discussion of price, purity, quantity, and sources of methamphetamine. It also submits that the evidence is probative of the comfort level of the individuals present at Nunez's residence where he traffics drugs.

The government must fill in the circumstances of the referenced twenty to twenty-five minute conversation between Officer Garman, Nunez, Marin, and Miguel in Nunez's detached garage prior to the meeting that took place, outside of Marin's presence, between Garman and

---

[3]*See, e.g.,* United *States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

Nunez. Officer Garman will need to testify to what made it "obvious" to him that Marin was aware of methamphetamine distribution and the conspiracy to possess with intent to distribute. This should include testimony about the content and context of the conversation that included Marin's statement about prior drug use. The government must lay this foundation prior to eliciting the statements at issue and then approach the bench for a ruling <u>before</u> attempting to elicit any testimony about defendant Marin's drug use.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Francisco J. Marin's Motion *in Limine* to Exclude Past Drug Use (Doc. 242) is taken under advisement. The Court will rule on the admissibility of defendant Marin's statement contemporaneously after an appropriate foundation is set forth by the government.

Dated: October 28, 2010

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE